UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

SANDRA GONZALES,

    Plaintiff,

v.

                                          CASE NO.:

SPORTS MEDICINE ASSOCIATES OF SOUTH
FLORIDA, P.A., a Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, SANDRA GONZALES ("Plaintiff" or "Ms. Gonzales"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

## PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, SPORTS MEDICINE ASSOCIATES OF SOUTH FLORIDA, P.A., a Florida Profit Corporation ("Defendant" or "SMASF").

4. Plaintiff is a resident of Broward County, Florida, and worked for Defendant in Broward County, Florida.

5. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and/or retaliated against Plaintiff.

8. Plaintiff worked for Defendant as an administrative employee from November 6, 2013, until her unlawful termination on June 2, 2016.

9. In March 2016, Plaintiff was required to have surgery based on her own serious health condition as defined by the FMLA.

10. Defendant properly offered Plaintiff FMLA at that time, and Plaintiff returned from her surgery and medical leave on April 4, 2016.

11. On April 16, 2016, Plaintiff suffered another medical emergency, which required her to be hospitalized overnight. Plaintiff immediately reported same to Defendant's management and expressed her need for further FMLA.

12. Defendant failed to offer Plaintiff additional FMLA leave at that time, which constitutes a violation of the FMLA.

13. Plaintiff remained in the hospital from April 16, 2016, until her discharge on April 28, 2016. Despite being in a coma for a period of this time, Plaintiff and/or her family kept Defendant apprised of her medical situation and need for FMLA leave. Again, Defendant failed to offer Plaintiff additional FMLA forms or protection during this time period in violation of the FMLA.

14. On May 9, 2016, Plaintiff returned to work for Defendant without restriction.

15. Plaintiff had not exhausted her twelve (12) weeks of eligible FMLA leave at this time.

16. On or around May 17, 2016, Plaintiff received a call that her mother was gravely ill in Peru, and that Plaintiff was required to come to Peru to care for her mother, as Plaintiff was to be primarily responsible for such care.

17. Plaintiff immediately contacted Defendant's management team and explained that she needed to be in Peru to care for her mother as a primary caretaker.

18. Again, Defendant violated the FMLA by failing to offer Plaintiff notice of her FMLA rights, or any forms for Plaintiff to have completed to protect her job during this absence which was clearly FMLA covered.

19. Throughout her stay in Peru, Plaintiff consistently advised Defendant of her mother's situation and anticipated return date.

20. Plaintiff's mother passed away on May 28, 2016.   Plaintiff immediately contacted Defendant and explained that she would be returning to work on June 1, 2016.

21. Plaintiff had not exhausted her twelve (12) weeks of FMLA leave at this time either.

22. Plaintiff returned to the United States on June 1, 2016, and contacted Defendant to confirm she would be returning to work the following day, June 2, 2016.

23. Rather than reinstate Plaintiff to her position, or a substantially similar position as the FMLA requires, Defendant, instead, terminated Plaintiff's employment without valid explanation or reasoning.

24. Defendant's failures in refusing to notify Plaintiff of her FMLA rights during her FMLA leaves in April and May June 2016, combined with its termination of Plaintiff while she was on, what should have been, FMLA leave, constitute direct violations of the FMLA.

25. Defendant has interfered with, and retaliated against Plaintiff for use of her rights under the FMLA.

## FMLA INTERFERENCE/ RETALIATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff attempted to exercise her right to take leave from work under the FMLA.

28. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA, as it failed to offer her notice of her rights under the

4

FMLA, denied her request for FMLA leave, and then terminated her for necessitating same in violation of the FMLA.

29. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

30. In the alternative, Plaintiff's mother suffered from a "serious health condition" under the FMLA, for which Plaintiff was the primary caretaker for her mother.

31. Plaintiff necessitated leave time as a result of her serious health condition, and her mother's serious health condition including, but not limited to, an overnight hospital stay, and travel to Peru to be with her mother to care for her medical needs.

32. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

33. Defendant interfered with and retaliated against Plaintiff for exercising her right under the FMLA, because Defendant terminated Plaintiff for necessitating such FMLA leave.

34. At all times relevant hereto and for purposes of the FMLA retaliation claim, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

35. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

DATED this __3d__ day of June 2016.

By: _____
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: richard@floridaovertimelawyer.com